IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SHANNON COOK | § | |
| | § | |
| Plaintiff | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | Complaint |
| | § | |
| UNITED RECEIVABLES GROUP | § | And |
| | § | |
| Defendant | § | Demand for Jury Trial |
| | § | |
| | § | |

## COMPLAINT

COMES NOW the Plaintiff, Shannon Cook (hereinafter the "Plaintiff"), by Counsel, Dennis McCarty, and for her complaint against the Defendant United Receivables Group (hereafter "Defendant"), alleges as follows:

## PRELMINARY STATEMENT

1. This an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 et seq. (Fair Debt Collection Practices Act).

## JURISDICTION

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. 1367.

## VENUE

1

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the property that is subject to this action is located, in this Judicial District.

## PARTIES

4. Plaintiff is a natural person and is a resident and citizen of Tarrant County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, United Receivables Group (hereinafter "Defendant") is a "debt collector", as defined by 15 U.S.C §1692a(6); and is engaged in business the purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant is a third party debt collector. Please see Exhibit A.

8. Defendant alleged that the Plaintiff owed a debt. Defendant attempted to collect the alleged "debt" by repeatedly calling Plaintiff.

9. On or about December 16, 2016, Plaintiff informed Defendant that she was represented by an attorney. Plaintiff gave Defendant the name and cell phone number at that time.

10. On or about December 22, 2016, Defendant admitted that they had Plaintiff's Attorney's name and phone number.  Defendant told Plaintiff that she could have gotten that name and number out of a phone book.

11. Between January 3, 2017 to March 17, 2017, Defendant called Plaintiff (23) twenty three times on her cell and on her work phone.

12. Between January 3, 2017 to March 17, 2017, Defendant called one of Plaintiff's friends five (5) times. Defendant called Plaintiff's friend just to embarrass and harass Plaintiff.

13. Between January 3, 2017 to March 17, 2017, Defendant called Plaintiff's dying mother once.  Defendant called Plaintiff's dying mother just to embarrass and harass Plaintiff.

14. One specific call, on March 8, 2017, an employee of Defendant called Plaintiff and informed her that he was a "field processer server in the Forth Worth area" and that he was going to serve her with a summons and complaint number 7335543.  He stated that she needed to contact the Defendant within the next two (2) hours to avoid him to come to "her place of employment or residence to serve the legal documents".  He further stated that it was urgent and that she needed to contact the Defendant to avoid him from "coming out and proceeding to the court to process the documents".

15. Another specific call, Defendant again called Plaintiff on March 17, 2017.  An employee of Defendant called Plaintiff and stated that she has been retained to "deliver legal documents and a complaint due to an attempt to defraud a financial institution

3

and a bad check".  Defendant further stated that she would be "actively seeking you out at your home and place of employment".

16. Defendant never served any documents on Plaintiff.  Defendant made false and misleading statements to collect a debt from Plaintiff.

17. Because of this, Plaintiff has suffered damages

18. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, demonstrated reckless disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

22. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

23. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

24. Plaintiff's suit is based upon the Defendant's violation of the Fair Debt Collection Practices Act (FDCPA).

25. Plaintiff suffered damages from the Defendant's violations of the FDCPA.

### COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

27. On or about December 16, 2016, Plaintiff informed Defendant that she was represented by an attorney. Plaintiff gave Defendant the name and cell phone number at that time.

28. On or about December 22, 2016, Defendant admitted that they had Plaintiff's Attorney's name and phone number. Defendant told Plaintiff that she could have gotten that name and number out of a phone book.

29. Between January 3, 2017 to March 17, 2017, Defendant called Plaintiff (23) twenty three times on her cell and on her work phone.

30. Between January 3, 2017 to March 17, 2017, Defendant called one of Plaintiff's friends five (5) times. Defendant called Plaintiff's friend just to embarrass and harass Plaintiff.

31. Between January 3, 2017 to March 17, 2017, Defendant called Plaintiff's dying mother once. Defendant called Plaintiff's dying mother just to embarrass and harass Plaintiff.

32. One specific call, on March 8, 2017, an employee of Defendant called Plaintiff and informed her that he was a "field processer server in the Forth Worth

area" and that she needed to contact the Defendant within the next two (2) hours to avoid him to come to "her place of employment or residence to serve the legal documents". He further stated that it was urgent and that she needed to contact the Defendant to avoid him from "coming out and proceeding to the court to process the documents".

33. Another specific call, Defendant again called Plaintiff on March 17, 2017. An employee of Defendant called Plaintiff and stated that she has been retained to "deliver legal documents and a complaint due to an attempt to defraud a financial institution and a bad check". Defendant further stated that she would be "actively seeking you out at your home and place of employment".

34. Defendant never served any documents on Plaintiff. Defendant made false and misleading statements to collect a debt from Plaintiff.

35. Plaintiff's suit is based upon the Defendant's violation of the Fair Debt Collection Practices Act (FDCPA).

36. Defendant made false and misleading statements, threatened legal action, contacted third parties, and communicated with a represented consumer violating 15 USC §1692 sections below. Plaintiff suffered damages from the Defendant's violations of the FDCPA.

The section entitled "Communication in connection with debt collection" under 15 U.S.C. § 1692c

(a)(2): if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such

attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer

And;

(b) Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

And;

The section entitled *"False or misleading representations"* under 15 U.S.C. §1692e reads:

*(2)(A) The false representation of the character, amount or legal status of any debt;*
*(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

and;

*(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

and;

*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

And;

The section entitled *"Unfair practices"* under 15 U.S.C §1692f reads:

> *A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.*

37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, as well as such other relief, permitted by law.

38. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

39. As a result of Defendant's conduct, Plaintiff has suffered actual damages and will continue to suffer actual damages in the future, all to Plaintiff's great detriment and loss.

40. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

41. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, demonstrated reckless disregard for federal laws and the rights of the Plaintiff herein.

42. As a result of Defendant's conduct, Plaintiff has suffered great, emotional and mental pain and anguish; all to Plaintiff's great detriment and loss.

43. As a result of Defendant's conduct, Plaintiff has suffered actual damages; all

to Plaintiff's great detriment and loss.

44. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

45. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

46. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

   a. Actual damages against Defendant pursuant to 15 U.S.C. §1692k;

   b. Statutory damages against Defendant pursuant to 15 U.S.C. §1692k;

   c. Costs and reasonable attorney's fees against Defendant pursuant to 15 U.S.C. §1692k; and

   d. Such other and further relief as may be necessary, just and proper;

Dated: January 3, 2018

      Respectfully submitted,

                      /s/ Dennis McCarty
                      Dennis McCarty
                      ATTORNEY FOR PLAINTIFF
                      Mississippi Bar No. 102733
                      Federal Bar No. 993800
                      P.O. Box 111070
                      Carrollton, TX., 75011
                      Telephone: 817-704-3375
                      Fax (817) 887-5069
                      dmccartylaw@att.net